Filed 5/21/25  P. v. Espinoza CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>TIMOTHY ESPINOZA,<br><br>　　Defendant and Appellant. | G063427<br><br>(Super. Ct. No. 17CF2411)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Defendant Timothy Espinoza appeals from the court's denial of his petition to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[1] Defendant contends he is eligible for resentencing, but the Attorney General argues defendant is not entitled to resentencing because the court struck his prior prison term enhancements under former section 667.5, subdivision (b). Pending review of the issue by our Supreme Court, we agree with defendant and reverse and remand for resentencing.

FACTS

In 2018, defendant pleaded guilty to two counts of second degree robbery (§§ 211, 212.5, subd. (c)), one count of receiving stolen property (§ 496, subd. (a)), and one count of being an accessory after the fact (§ 32). Defendant also admitted he had two prior strike convictions (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)), two prior serious felony convictions (§ 667, subd. (a)(1)), and two prior prison terms[2] (former § 667.5, subd. (b)).

The court sentenced defendant to 12 years in state prison. Relevant here, the court also imposed but struck punishment for the former section 667.5, subdivision (b) enhancements.

In 2023, defendant filed petitions for the court to recall and resentence him pursuant to section 1172.75. The court noted the California

_____

[1] All further statutory references are to the Penal Code.

[2] The information alleged three prison priors, but defendant's plea admitted two prison priors. It appears the same conviction underlies one of the prison priors and one of the section 667, subdivision (a) priors. As defendant notes, a single prior conviction cannot support enhancement of a sentence under both section 667, subdivision (a) and section 667.5, subdivision (b), which may explain why the third prison prior is absent from defendant's plea. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150–1153.)

2

Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for relief but declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at the time of sentencing." The court's order also stated, "If Defendant appeals this decision, the briefing, oral and written arguments, transcripts, decision, and minutes in [*People v. Banuelos*, Orange County Superior Court case No. 16CF3259, and *People v. Eckstein*, Orange County Superior Court case No. 17CF0713, are] to be part of the trial court record for any action appeal."

DISCUSSION

Defendant contends the court erred by denying his resentencing petition. Pending direction from our Supreme Court, we agree.

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5, subdivision (b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where his prior prison terms were stricken for purposes of sentencing.

The proper interpretation of a statute is a question of law that we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning . . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable

3

interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Here, the proper interpretation of section 1172.75 is the subject of conflicting appellate opinions and is pending review by our Supreme Court. (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987 (*Espino*); *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189.) Analysis of the statute and case law leads us to conclude that section 1172.75 applies to enhancements, like defendant's, which were stricken for purposes of sentencing, not just those that were imposed and executed.

First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (§ 1172.75, subd. (b).) Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences have been both imposed and executed. This position is consistent with cases which have concluded section 1172.75 applies to enhancements that have been imposed but stayed. (See, e.g., *People v. Christianson*, *supra*, 97 Cal.App.5th 300, 305,

4

review granted Feb. 21, 2024, S283189.) As the *Christianson* court noted, "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Id.* at p. 313.)

Second, the majority in *Espino*, *supra*, 104 Cal.App.5th 188 recently concluded section 1172.75 applies to enhancements that were stricken at sentencing. The court determined the statute "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is str[icken]." (*Id.* at p. 194.) *Espino* also found it significant that the enhancement remains on the judgment and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Id.* at p. 201.)

We agree with the *Espino* majority that there is no articulable reason to differentiate between former section 667.5 enhancements which have been executed, stayed, or stricken for purposes of sentencing. Because defendant's prior prison term enhancements were imposed and only their punishment was stricken, the enhancements remain part of the judgment. Defendant accordingly is entitled to resentencing. We therefore reverse the trial court's order denying defendant's request for resentencing on the ground that "related enhancements were either stayed or stricken."

5

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                        SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.